**EXHIBIT 1**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

THOMAS RODRIGUEZ and
TINA RODRIGUEZ,

Plaintiffs,

vs.

UNITED STATES OF AMERICA,

Defendant.

**PLAINTIFFS' RESPONSES
TO DEFENDANT'S
FIRST SET OF
INTERROGATORIES**

Civil No.: 17-CV-251

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the plaintiffs, THOMAS RODRIGUEZ and TINA RODRIGUEZ, in response to defendant, UNITED STATES OF AMERICA's, First Set of Interrogatories, hereby state, upon information and belief, the following:

### *GENERAL OBJECTIONS*

A.    Plaintiffs object to defendant's requests which fail to state a time period as being overly broad, unduly burdensome and oppressive.

B.    Plaintiffs object to defendant's requests to the extent that they seek "all documents" regarding a stated subject upon the basis that such a request is over broad, unduly burdensome and oppressive.

C.    Plaintiffs object to defendant's requests to the extent that they seek information that is not relevant to any material issue in a lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence.

D.     Plaintiffs object to defendant's requests to the extent that they call for identification or disclosure of information that was prepared in anticipation of litigation, constitutes attorney work product, contains privileged attorney-client communications, or is otherwise privileged. Any disclosure of such protected or privileged information is inadvertent and shall not constitute a waiver of any privileges or protections.

E.     Plaintiffs object to defendant's requests to the extent that they assume disputed facts or legal conclusions in defining the information requested. Plaintiff(s) hereby denies any such disputed facts or legal conclusions to the extent assumed by each request. Any information provided by plaintiff(s) with respect to such a request is without prejudice to this objection.

F.     Plaintiffs' responses and any identification or production of documents thereto, are not intended to waive or prejudice any objections she may assert now or in the future, including, without limitations, objections as to the admissibility at trial of any response or document, category of responses or documents.

G.     Plaintiffs reserve the right to supplement these objections and responses to the requests.

Subject to the foregoing general objections which plaintiffs hereby incorporate into each of the following responses, plaintiffs respond to defendant's First Set of Interrogatories as follows:

INTERROGATORY NO. 1

State whether plaintiffs have ever been or are now plaintiffs, defendants or parties in any other civil action or criminal action. If so, state the dates and types of cases, the names of the other parties, the names of the attorneys for all parties and the outcome and/or status thereof.

ANSWER

Plaintiff objects to this request to the extent that it is overly broad and seeks information that is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence. However, without waiving the foregoing objection, plaintiff states that he was not involved in any civil actions relating to any personal injuries and has not been a party in any criminal action.

INTERROGATORY NO. 2

State whether plaintiff Thomas Rodriguez has ever been in any other automobile accidents other than the one that is the subject of this action. If so, state the date, location, the name of the other driver involved, a description of the accident and any injuries suffered.

ANSWER

Upon information and belief, plaintiff has been involved in minor property damage accidents; however, cannot recall any specific details.

INTERROGATORY NO. 3

State plaintiff Thomas Rodriguez's educational history including names and addresses of each school attended, years attended, grades completed and

years of study. Include in your response any vocational training which plaintiff may have received.

ANSWER

Plaintiff, THOMAS RODRIGUEZ, graduated from Niagara Falls High School in 1990. Thereafter, he completed one semester at Niagara County Community College in criminal justice, and graduated in approximately 2000 from the law enforcement academy held at Niagara County Community College.

INTERROGATORY NO. 4

State plaintiff Thomas Rodriguez's work history, including names and addresses of all employers, periods of unemployment and the reasons therefore, and periods of disability and the reasons therefor.

ANSWER

Plaintiff, THOMAS RODRIGUEZ, has worked as a Police Officer with the City of Niagara Falls, New York since March 1, 2000. He became a Detective with the City of Niagara Falls on April 7, 2008 and has been employed thereafter until his accident on February 25, 2016. Upon information and belief, plaintiff was unable to work for approximately two weeks following his right shoulder surgery due to an injury which incurred on January 28, 2011; and has been unable to work since the accident referenced herein on February 25, 2016.

INTERROGATORY NO. 5

State the names and addresses of each and every physician, health care provider, counselor, psychologist, psychiatrist, dentist, Ph.D., therapist,

chiropractor, osteopath and/or any other type of dental, medical or mental or physical health care providers who treated, counseled, advised, examined or in any way attended to plaintiff Thomas Rodriguez prior to the date of the incident alleged in the Complaint.

ANSWER

Upon information and belief, plaintiff has not suffered from any pre-existing or subsequent injuries pertaining to those parts of the body injured herein. Plaintiff objects to the information requested in relation to other areas of the body as it seeks information which is irrelevant, lies beyond the scope of discovery and is not reasonably calculated to lead to the discovery of admissible evidence.

INTERROGATORY NO. 6

Specify all diseases, serious illnesses, afflictions or injuries with which plaintiff Thomas Rodriguez had been diagnosed prior to the date of the incident alleged in the Complaint.

ANSWER

Upon information and belief, plaintiff has not suffered from any pre-existing or subsequent injuries pertaining to those parts of the body injured herein. Plaintiff objects to the information requested in relation to other areas of the body as it seeks information which is irrelevant, lies beyond the scope of discovery and is not reasonably calculated to lead to the discovery of admissible evidence.

INTERROGATORY NO. 7

State the names and addresses of each and every physician, health care provider, counselor, psychologist, psychiatrist, dentist, Ph.D., therapist, chiropractor, osteopath and/or any other type of dental, medical, or mental or physical health care providers who treated, counseled, advised, examined or in any way attended to plaintiff Thomas Rodriguez for any or all of the injuries complained of in the Complaint.

ANSWER

Upon information and belief, as a result of the injuries sustained herein, the plaintiff was examined and/or treated by the following medical providers on or about the dates listed below:

    a.    Niagara Falls Memorial Medical Center
         621 Tenth Street
         Niagara Falls, New York 14302
         Date of Treatment:  2/25/16

    b.    WNY Occupational Health Care
         621 Tenth Street
         Niagara Falls, New York 14302
         Dates of Treatment:  2/25/16 through 2/29/16

    c.    David Bagnall, M.D.
         UBMD Orthopaedics & Sports Medicine
         4949 Harlem Road
         Amherst, New York 14226
         Date of Treatment:  3/2/16

    d.    Ronald Clarke, D.O.
         6950 Williams Road
         Niagara Falls, New York 14304
         Dates of Treatment:  3/8/16 through present

e.  Douglas Monteleone, D.C.
    Advanced Chiropractic
    820 Main Street
    Niagara Falls, New York 14304
    Dates of Treatment: 3/8/16 through 10/13/16

f.  William Wind, M.D.
    UBMD Orthopaedics & Sports Medicine
    4949 Harlem Road
    Amherst, New York 14226
    Dates of Treatment: 3/28/16 through present, including left
    shoulder surgery

g.  ProScan Imaging Buffalo
    5214 Main Street
    Amherst, New York 14221
    Dates of Treatment: 4/6/16 (cervical & lumbar MRIs) and
    2/16/17 (lumbar MRI)

h.  Advanced Care Physical Therapy
    924 Main Street
    Niagara Falls, New York 14301
    Dates of Treatment: 4/6/16 through 6/2/16

i.  Franco Vigna, M.D.
    Spine Surgery of Buffalo Niagara
    6941 Williams Road
    Niagara Falls, New York 14304
    Dates of Treatment: 4/27/16 through present, including
    lumbar surgery

j.  Michael Stoffman, M.D.
    UB Neurosurgery
    5959 Big Tree Road, Suite 103
    Orchard Park, New York 14127
    Date of Treatment: 5/11/16

k.  University Orthopaedics MRI Center
    4949 Harlem Road
    Amherst, New York 14226
    Date of Treatment: 5/12/16 (shoulder MR arthrogram)

l.     Michael Geraci, Jr., M.D.
52 South Union Road
Williamsville, New York 14221
Dates of Treatment: 6/2/16 through 9/15/16, including lumbar injections

m.     Dubois Physical Therapy
2111 Sawyer Drive
Niagara Falls, New York 14304
Dates of Treatment: 6/13/16 through 1/17/17

n.     Ambulatory Surgery Center of WNY
3112 Sheridan Drive
Amherst, New York 14226
Dates of Treatment: 7/18/16 and 9/15/16 (lumbar injections)

o.     Millard Fillmore Surgery Center
215 Klein Road
Williamsville, New York 14221
Date of Treatment: 8/11/16 (left shoulder surgery)

p.     Kenmore Mercy Hospital
2950 Elmwood Avenue
Kenmore, New York 14217
Dates of Treatment: 6/12/17 through 6/15/17 (lumbar surgery)

q.     Access Physical Therapy
2316 Pine Avenue
Niagara Falls, New York 14301
Dates of Treatment: To be supplied

r.     Buffalo MRI
4925 Main Street
Amherst, New York 14226
Date of Treatment: To be supplied (left shoulder MRI)

INTERROGATORY NO. 8

Does plaintiff Thomas Rodriguez suffer from any diseases, serious illnesses or afflictions or injuries requiring medical attention since the date of the accident

8

which were not caused by the alleged negligence of the defendant? If so, give details including dates, treating physician(s), what treatment consisted of, present condition, and prognosis in relation to each such illness, affliction or injury.

ANSWER

Upon information and belief, plaintiff has not suffered from any pre-existing or subsequent injuries pertaining to those parts of the body injured herein. Plaintiff objects to the information requested in relation to other areas of the body as it seeks information which is irrelevant, lies beyond the scope of discovery and is not reasonably calculated to lead to the discovery of admissible evidence.

INTERROGATORY NO. 9

State the names of any and all prescription drugs or medications (other than antibiotics or over-the-counter drugs) which plaintiff has taken or which have been prescribed for the plaintiff Thomas Rodriguez since the date of the accident. State the names and addresses of the pharmacies which such prescription medications were acquired.

ANSWER

Upon information and belief, plaintiff has been prescribed at varying times Ibuprofen, Lortab, Medrol Pak, Cyclobenzaprine, Hydrocodone, Naproxen and Tramadol. Plaintiff obtained his prescriptions from Rite Aid Pharmacy, 8015 Niagara Falls Boulevard, Niagara Falls, New York 14304.

INTERROGATORY NO. 10

State the names of any and all prescription drugs or medications (other than antibiotics or over-the-counter drugs) which plaintiff Thomas Rodriguez had taken or which had been prescribed for plaintiff in the five years prior to the date of the accident. State the names and addresses of the pharmacies where the prescription medications were acquired.

ANSWER

Plaintiff objects to this request on the basis that it is beyond the scope of discovery and seeks information that is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Therefore, plaintiff respectfully declines to respond to same.

INTERROGATORY NO. 11

Describe the exact character and duration of all injuries purportedly suffered by plaintiff Thomas Rodriguez as a result of the alleged negligence of the defendant.

ANSWER

Upon information and belief, as a result of the alleged incident, the plaintiff, THOMAS RODRIGUEZ, sustained the following known injuries, all of which are claimed to be permanent unless otherwise stated: head pain; neck pain and stiffness; back pain; cervical sprain/strain; lumbar sprain/strain; decreased range of motion of lumbar and cervical spine; muscle spasms; edema; left buttock pain; increased pain with activity; low back pain radiating into left

lower extremity; disc herniations at C5-6 and C6-7 with impingement; disc bulge at C4-5; disc herniations at L4-5 and L5-S1 with impingement; disc bulge at L2-3; whiplash; sleep disturbances; paresthesia and weakness of left upper extremity; decreased range of motion of left shoulder; left shoulder tendinitis with partial rotator cuff tear, labral tear and impingement; left shoulder bursitis; morbidity, pain and suffering associated with left shoulder arthroscopy with rotator cuff repair, subacromial decompression with acromioplasty and subpectoral biceps tenodesis performed on August 11, 2016; numbness and temperature changes of left foot; gait disturbances; morbidity, pain and suffering associated with left laminotomy and discectomy at L4-5 and L5-S1 with localization of level under fluoroscopy and utilization of neural monitoring performed on June 12, 2017; surgical scarring left shoulder and low back; possible additional disc herniations and/or bulges; altogether with injuries to the bones, muscles, tendons, ligaments, nerves, blood vessels and soft tissues in the injured areas, and accompanied by pain, discomfort, limitation of motion, emotional upset and shock to the nerves and nervous system; physical pain and suffering associated with the aforementioned injuries; emotional anguish and suffering associated with the aforementioned injuries; limited ability to perform normal daily functions; limitation in ability to engage in social activities; inability and limited ability to perform physical activities; inability and limited ability to perform household chores and maintenance; inability and limited ability to engage in life's enjoyments; and loss of employment and career due to

11

the aforementioned injuries. Further injuries may be identified within the medical records of the plaintiff that were either previously provided or obtained through the use of our client's authorizations.

In addition, as a result of his injuries, plaintiff, THOMAS RODRIGUEZ, has been forced to undergo various diagnostic studies and treatments, including, but not limited to, x-rays; MRIs; MR arthrogram; left shoulder injection; left S1 transforaminal epidural steroid injections; utilization of a Tens unit, shoulder immobilizer and back brace; and prescribed and over-the-counter medications for pain and inflammation. Plaintiff has also been involved in programs of physical therapy, as well as home exercise programs and chiropractic treatment.

Permanency is further manifested in that the plaintiff, THOMAS RODRIGUEZ, continues to suffer from chronic pain and swelling, surgical scarring to left shoulder and lumbar area, and limitations associated with the aforementioned injuries. In addition, the plaintiff may require future surgical intervention pertaining to his cervical spine, and will most likely develop arthritis at the injured sites in the future. The plaintiff is still under the care of his doctors. The total extent of permanency is not yet fully known at this time.

INTERROGATORY NO. 12

State the medical and hospital expenses incurred for plaintiff Thomas Rodriguez as a result of the alleged negligence by the defendant, including but not limited to the cost of the services of physicians, surgeons, nurses, hospitals,

therapy, home health care aides, medicines and manipulations. As to each incurred expense indicate who has paid such.

ANSWER

Upon information and belief, as a result of the alleged incident, the following items of special damages, known to date, have been incurred:

    A.   HOSPITALS:

| | |
|---|---|
| Niagara Falls Memorial Medical Center | $ 811.58 |
| Ambulatory Surgery Center of WNY | $ 1,636.06 |
| Millard Fillmore Surgery Center | $ 15,089.97 |
| Kenmore Mercy Hospital | To be supplied |

    B.   PHYSICIANS:

| | |
|---|---|
| WNY Occupational Health Care | $ 110.57 |
| David Bagnall, M.D. | $ 145.77 |
| Ronald Clarke, D.O. | $ 561.24 |
| Douglas Monteleone, D.C. | $ 1,479.51 |
| William Wind, M.D. | $ 10,045.19 |
| Michael Stoffman, M.D. | $ 181.97 |
| Franco Vigna, M.D. | $ 4,913.52 |
| Michael Geraci, M.D. | $ 410.14 |

    C.   OTHER:

| | |
|---|---|
| ProScan Imaging | $ 2,997.00 |
| Advanced Care Physical Therapy | $ 1,065.57 |
| DuBois Physical Therapy | $ 2,381.02 |
| University Orthopaedics MRI Center | $ 305.33 |
| Prescriptions | To be supplied |
| Medical supplies | $ 60.00 |

Medical expenses are approximate and continue to accrue. Upon information and belief, the majority of plaintiff's medical expenses have been paid by the workers' compensation carrier, whose lien as of March 3, 2017 is in

the amount of $20,946.94 (medical expenses only since the employer has continued base wage payments).

INTERROGATORY NO. 13

If plaintiff Thomas Rodriguez contends that he was disabled from his usual work, livelihood and social and personal endeavors, hobbies and activities as a result of defendant's negligence, state what usual work, livelihood and social and personal endeavors, hobbies and activities he has been disabled from and the duration thereof.

ANSWER

Upon information and belief, at the time of the incident, the plaintiff, THOMAS RODRIGUEZ, was employed as a Police Detective with the City of Niagara Falls, Department of Police, located at 1925 Main Street, Niagara Falls, New York. As a result of the incident, the plaintiff could not engage in employment activities from the date of the injury, February 25, 2016 through the present time. At the time of the incident, the plaintiff was earning an estimated base pay in the amount of $1,270.21 per week. Said figure does not include any wage increases, bonuses, overtime, court appearances or other benefits plaintiff would have received for said time period. In 2015 plaintiff earned approximately $114,000.00. It is unknown at present the total amount of lost earnings since same continues to accrue.

Additionally, the plaintiff's future retirement benefits will be reduced as a result of his inability to work in his career.

Further, upon information and belief, due to his injuries, the plaintiff is no longer able to perform various physical activities that he typically did prior to the subject accident. In particular, the plaintiff cannot lift heavy objects, stand or sit for long periods of time, walk long distances, perform heavy household maintenance, engage in strenuous recreational activities, play golf, run or exercise, take family trips or vacations involving long car rides, attend concerts, or enjoy a full night's restful sleep. Plaintiff has difficulty walking on uneven ground and has not been able to utilize a cottage he owns in the southern tier. During the spring and summer months he would go to his cottage on the weekends and ride four-wheelers, operate a tractor, and was previously able to maintain and enjoy his property. Plaintiff has also had to stop coaching baseball for the two teams his children participate in. Plaintiffs reserve their right to supplement this response.

INTERROGATORY NO. 14

State whether the plaintiff Thomas Rodriguez has made a claim for any benefit under any medical pay coverage or policy of insurance, including but not limited to Social Security, Medicare, Medicaid, workers' compensation and/or health insurance benefits relating to the injuries arising out of the incident mentioned in the Complaint. If so, state the name of the insurance company or organization to which such claims was made, the date of the claim or application, the claim and policy numbers and the amount of any payments received, and the disposition of the claim.

ANSWER

Plaintiff's medical expenses are being paid by the workers' compensation carrier, PERMA, 9 Cornell Road, Latham, New York 12110, Claim No. 216-0239681, WCB No. G134 9077.

INTERROGATORY NO. 15

State the precise amount of damages sought by plaintiffs by reason of the allegations set forth in the Complaint. Explain what portion, if any, of such amount is related to:

      a. Loss of earnings;

      b. Pain and suffering;

      c. Mental anguish;

      d. Medical care;

      e. Any and all other elements of damage.

ANSWER

With respect to damages, please be advised that plaintiffs hereby demand the sum of $3,000,000.00 on behalf of THOMAS RODRIGUEZ and $1,000,000.00 on behalf of TINA RODRIGUEZ.

Plaintiff also refers defense counsel to Interrogatory Nos. 12 and 13, supra. In addition to the aforesaid items of special damages, the plaintiffs will seek to charge the defendant herein with an unliquidated sum for future medical expenses, his inability to lead a normal life, permanency, pain and suffering, future lost earnings, and for those damages as alleged in the Complaint.

Further, the plaintiff, TINA RODRIGUEZ, wife of the plaintiff, THOMAS RODRIGUEZ, will seek to charge the defendant herein with an unliquidated sum for the loss of services, society, consortium and companionship of her spouse.

Plaintiffs also purchased a new home in March 2017, and due to plaintiff's injuries and limitations, he has been unable to perform the construction duties he normally would have been able to do, and therefore, has been required to hire persons to perform various construction duties including building an addition onto the house. The specific amounts paid to date are unknown at the present time.

INTERROGATORY NO. 16

If any of the amounts set forth in response to the preceding paragraph were reimbursed from any source, specify the name and address of the source and the reason for the payment.

ANSWER

Upon information and belief, the plaintiff is currently receiving base pay wages from his employer; however, it does not include compensation for wage increases, bonuses, overtime, court appearances or other benefits plaintiff would receive if he was able to work.

In addition, plaintiff's medical expenses are being paid by the workers' compensation carrier, PERMA, 9 Cornell Road, Latham, New York 12110, Claim No. 216-0239681, WCB No. G134 9077.

## INTERROGATORY NO. 17

If it is alleged that the laws of the State of New York were violated by the defendant, specify the same.

## ANSWER

Upon information and belief, the defendant herein violated the Vehicle and Traffic Law of the State of New York and any other ordinance, rules and regulations in effect at the time and place of the occurrence. More specifically, the defendant, UNITED STATES OF AMERICA, by its agents, servants and/or employees, violated, among others, the following sections of the Vehicle and Traffic Laws: §388, §1129, §1140, §1180 and §1212.

Additionally, the plaintiffs will rely upon the proof adduced during the course of discovery, the trial of this action, and upon the charge of this court, and will rely on each and every statute, ordinance, rule, regulation and code which such demonstrates was violated by the defendant herein.

## INTERROGATORY NO. 18

State the name and address of all of plaintiff Thomas Rodriguez's health insurance carriers from 2007 to the present.

## ANSWER

Plaintiff objects to this Interrogatory as the information requested herein is irrelevant and lies beyond the scope of discovery. Therefore, plaintiff respectfully declines to respond to same.

INTERROGATORY NO. 19

Specify each and every act which plaintiffs contend constitutes negligence on the part of the defendant United States of America.

ANSWER

Upon information and belief, the defendant, UNITED STATES OF AMERICA, by its agents, servants, and/or employees, was negligent, careless and reckless in that the vehicle under United States Postal employee, Michael Carroll's control was operated in a negligent, careless and reckless manner, and, more particularly, such negligence, recklessness and carelessness was, among other things, exhibited:

a.    in operating the vehicle at an unreasonable rate of speed under the circumstances and conditions then and there prevailing;

b.    in operating the vehicle at a speed in excess of the lawful speed limit;

c.    in failing and omitting to keep a proper lookout;

d.    in failing and omitting to have the vehicle under control;

e.    in failing and omitting to take heed of the road and traffic conditions then and there existing;

f.    in failing and omitting to heed and obey lawfully placed traffic controls, signals, markings and signs in the vicinity of the accident;

g.    in failing and omitting to timely, reasonably and properly utilize the facilities at hand in order to avoid the accident;

h.     in failing and omitting to divert the vehicle into an alternate path of travel in order to avoid the accident;

i.     in operating the vehicle in disregard of the safety of the plaintiff;

j.     in failing and omitting to observe the applicable rules and regulations of the road at the time and place of the occurrence;

k.     in operating the vehicle in such a manner so that it unreasonably endangered the plaintiff;

l.     in following the plaintiff's vehicle too closely;

m.     in driving the vehicle in such a manner so that it unreasonably interfered with the free and proper use of a public highway;

n.     in failing and omitting to use proper and adequate care when approaching an intersection;

o.     in failing and omitting to be reasonably alert;

p.     in failing and omitting to adequately, sufficiently and/or properly brake and/or stop the vehicle in a timely manner;

q.     in driving, managing and operating the vehicle at an excessive, dangerous, improper and reckless rate of speed under the circumstances;

r.     in operating the brakes of the vehicle in such a careless and negligent manner so as to fail to slow down and/or stop the vehicle;

s.     in failing and omitting to warn of his approach;

t.    in failing and omitting to make proper use of the vehicle's brakes, lights, steering, horn and other safety devices;

u.    in failing and omitting to exercise that degree of care that a reasonable and prudent person would have used in similar circumstances;

v.    in failing and omitting to properly train its employees;

w.    in failing and omitting to avoid the incident, which in the exercise of reasonable care, could and should have been avoided.

The plaintiffs lack knowledge as to the further negligent acts or omissions of the defendant and will seek same through discovery. Upon completion of said discovery, the plaintiffs will amend and/or supplement the response to this demand, if necessary.

Pursuant to Section 388 of the Vehicle and Traffic Law of the State of New York, the defendant-owner, UNITED STATES OF AMERICA, is liable and responsible for the acts of negligence of the driver, Michael Carroll, as set forth above.

DATED:  Buffalo, New York
         November 9, 2017            LIPSITZ GREEN SCIME CAMBRIA LLP

                                     By: _____
                                         GREGORY P. KRULL, ESQ.
                                     Attorneys for Plaintiffs
                                     Office and P.O. Address
                                     42 Delaware Avenue, Suite 120
                                     Buffalo, New York 14202
                                     (716) 849-1333
                                     gkrull@lglaw.com
                                     [GPK: #61408.0001]

TO:

MICHAEL S. CERRONE
Assistant U.S. Attorney
U.S. Attorney's Office
Western District of New York
Attorney for Defendant
UNITED STATES OF AMERICA
138 Delaware Avenue
Buffalo, New York 14202
(716) 843-5851
Michael.Cerrone@usdoj.gov

## VERIFICATION

STATE OF NEW YORK      )
                           )  SS:
COUNTY OF ERIE        )

     THOMAS RODRIGUEZ, being duly sworn, deposes and says that she is the plaintiff in this action; that she has read the foregoing RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES and knows the contents thereof; that the same is true to the knowledge of deponent, except as to those matters therein stated to be alleged upon information and belief, and that as to those matters, she believes it to be true.

                                       THOMAS RODRIGUEZ

Sworn to before me this
/4ᵗʰ day of November, 2017.

Notary Public

GREGORY P. KRULL
Notary Public, State of New York
Qualified in Erie County
My Commission Expires Feb. 12, 2018

**EXHIBIT 2**

1    UNITED STATES DISTRICT COURT

2    WESTERN DISTRICT OF NEW YORK

3    ------------------------------------------------

4    **THOMAS RODRIGUEZ and**
     **TINA RODRIGUEZ,**
5
              Plaintiffs,    Civil No.   17-CV-251
6
     -vs-
7
     **UNITED STATES OF AMERICA,**
8
              Defendant.
9    ------------------------------------------------

10       Examination Before Trial of **THOMAS**

11   **RODRIGUEZ,** held before Brittany M. Whelan,

12   Notary Public, at 138 Delaware Avenue,

13   Buffalo, New York, on Friday, April 20th, 2018

14   at 9:00 AM, ending at 12:22 PM, pursuant to

15   notice.

16

17

18

19

20

21

22

23

24

25

```
1        A P P E A R A N C E S:

2        Attorneys for the Plaintiffs:

3        LIPSITZ GREEN SCIME CAMBRIA, LLP
         BY: GREGORY P. KRULL, ESQ,
4        42 Delaware Avenue, Suite 120
         Buffalo, New York 14202
5        (716) 849-1333

6
         Attorneys for the Defendants:
7
         JAMES P. KENNEDY, JR.,
8        UNITED STATES ATTORNEY
         BY: MICHAEL CERRONE, ESQ.,
9        ASSISTANT UNITED STATES ATTORNEY,
         138 Delaware Avenue
10       Buffalo, New York 14202
         (716) 843-5830
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

**W I T N E S S E S**

| WITNESS | EXAMINATION | PAGE |
|---|---|---|
| Thomas Rodriguez | Mr. Cerrone | 4, 134 |
| | Mr. Krull | 127, 135 |

**E X H I B I T S**

| EXHIBIT | DESCRIPTION | PAGE |
|---|---|---|
| Government Exhibit 1 | answers to interrogatories | 9 |
| Government Exhibit 2 | application | 23 |
| Government Exhibit 3 | photographs | 43 |
| Government Exhibit 4 | photographs | 43 |
| Government Exhibit 5 | civil service roster | 60 |
| Government Exhibit 6 | medical record | 84 |
| Government Exhibit 7 | medical record | 87 |
| Government Exhibit 8 | medical record | 89 |
| Government Exhibit 9 | medical record | 92 |
| Government Exhibit 10 | medical record | 93 |
| Government Exhibit 11 | medical record | 94 |
| Government Exhibit 12 | medical record | 96 |
| Government Exhibit 13 | treatment note | 102 |

| | | | |
|---|---|---|---|
| 1 | Government Exhibit 14 | treatment note | 118 |
| 2 | | | |
| 3 | Government Exhibit 15 | treatment note | 119 |
| 4 | Government Exhibit 16 | treatment note | 120 |
| 5 | | | |
| 6 | Government Exhibit 17 | treatment note | 121 |
| 7 | Government Exhibit 18 | Newspaper article | 123 |
| 8 | | | |
| 9 | Government Exhibit 19 | chiropractic registration form | 98 |
| 10 | Government Exhibit 20 | patient form from from chiropractor | 101 |
| 11 | | | |
| 12 | Government Exhibit 21 | patient form | 116 |
| 13 | Government Exhibit 22 | treatment note | 106 |
| 14 | | | |
| 15 | Government Exhibit 23 | treatment note | 107 |
| 16 | Government Exhibit 24 | treatment note | 109 |
| 17 | | | |
| 18 | Government Exhibit 25 | treatment note | 112 |
| 19 | Government Exhibit 26 | treatment note | 112 |
| 20 | | | |
| 21 | Government Exhibit 27 | treatment note | 113 |
| 22 | Government Exhibit 28 | treatment note | 114 |
| 23 | | | |
| 24 | | | |
| 25 | | | |

1

2          THE REPORTER:  Will this be usual

3     stipulations?

4

5     The following stipulations were entered

6     into by counsel:

7

8     It is hereby stipulated by and between the

9     attorneys for the respective parties hereto

10    that the oath of the Referee is waived, and

11    that all objections, except as to the form of

12    the questions, are to be reserved until the

13    time of trial.

14

15          **T H O M A S   R O D R I G U E Z**

16    413 Dansworth Road, Youngstown, New York,

17    having been first duly sworn, was examined and

18    testified as follows:

19

20

21                    EXAMINATION

22    BY MR. CERRONE:

23  Q. Good morning, Mr. Rodriguez.  My name is

24     Michael Cerrone.  I'm an Assistant United

25     States Attorney.  I have some questions for

```
 1      Q.  Okay.  Did you suffer any injuries at your
 2          pre-police employments on the job?
 3      A.  Not that I recall.
 4      Q.  Okay.  Is your primary care doctor Dr. Ronald
 5          Clarke?
 6      A.  Yes.
 7      Q.  And he's -- he's been your primary care for
 8          some time; is that fair to say?
 9      A.  Yes.
10      Q.  And is he still your primary care doctor?
11      A.  Yes.
12      Q.  Is it Clark with an E or without?
13      A.  I'm not sure.
14      Q.  Okay.  I've seen it both ways.  I'm just
15          clarifying.  In interrogatory number 2 I
16          inquired whether you had been involved in any
17          automobile accidents other than the subject
18          accident of 2016 and your answer was plaintiff
19          has been involved in minor property damage
20          accidents, however cannot recall any specific
21          details; is that answer correct?
22      A.  Yes.
23      Q.  How many minor property damage accidents were
24          you involved in; can you recall?
25      A.  An exact number, no.
```

 1    Q.  More or less than five?

 2    A.  Less than.

 3    Q.  Were you injured in any of these accidents?

 4    A.  No.

 5    Q.  Have you ever been injured in an accident or

 6        been struck -- strike that.  Have you ever

 7        been injured in an accident with a motor

 8        vehicle or been struck by a motor vehicle?

 9             MR. KRULL:  Form.

10             MR. CERRONE:  I'll rephrase the

11        question.

12             MR. KRULL:  Do you mean struck him

13        personal body?

14             MR. CERRONE:  I'll rephrase the

15        question.

16

17    BY MR. CERRONE:

18    Q.  Have you ever been injured in an automobile

19        accident other than the one in 2016?

20    A.  Yes.

21    Q.  Okay.  When was that?

22    A.  I don't recall the actual date.  It was years

23        and years ago.

24    Q.  Okay.  And what happened?

25    A.  I was struck by a car riding a bike.

1    Q. And were you injured?
2    A. Just a minor bump and bruise.
3    Q. Do you consider that accident to be an
4       automobile accident?
5    A. I guess, yes.
6    Q. Okay. But in interrogatory number 2 you
7       indicated that you had not been involved in
8       any injury accidents; is that correct?
9    A. Yes. I answered I've been involved in minor
10      accidents. I don't recall the details.
11   Q. But the answer to interrogatory number 2 is
12      incorrect because in fact you had been injured
13      in an automobile accident with this incident
14      where you were struck when you were riding
15      your bike; isn't that correct?
16            MR. KRULL: Form.
17   A. I didn't suffer any lasting injury, no.
18   Q. But the question I asked in interrogatory
19      number 2 is whether you had been involved in
20      any other automobile accidents other than the
21      one that is the subject of this action,
22      correct?
23   A. That was your question, yes.
24   Q. And your answer was you were involved in only
25      minor property damage accidents; is that

1    Q. And is that physical therapy for all of your

2       injuries or just the left shoulder?

3    A. Just the shoulder.

4    Q. And prior to the accident what -- prior to the

5       accident, did you have any pain in your left

6       shoulder at all?

7    A. Prior to?

8    Q. Prior to?

9    A. No.

10   Q. And prior to surgery, between the time of the

11      accident and the surgery in August of 2016,

12      what was your pain level on the 10 point pain

13      scale in the left shoulder?

14   A. I would say six to seven.

15   Q. And how about post-surgery, what is your pain

16      level in the left shoulder?

17   A. Four.

18   Q. As you sit here today, what is your pain level

19      -- or I should say as you're standing today --

20      as you're here today, what is the pain level

21      in your left shoulder?

22   A. Probably a four.

23   Q. And the lower back, do you have any pain in

24      your lower back before the accident?

25   A. No.

1   Q. So what was your pain level in your lower back
2      pre-accident?
3             MR. KRULL:  Pre-accident?
4             MR. CERRONE:  Pre-accident.
5   A. Zero.
6   Q. Okay.  And you indicated earlier that you had
7      surgery in your lumbar back.  When did that
8      surgery occur?
9   A. June of '17.
10  Q. Okay.  So from the time of the accident up to
11     the point of the surgery, what was your pain
12     level in your lower back?
13  A. Anywhere from a six to an eight.
14  Q. Okay.  And how about post-surgery, what was
15     your pain level in the lower back?
16  A. Anywhere from six to an eight.
17  Q. And as you are here today in this deposition,
18     what is your pain level in the lower back?
19  A. Six.
20  Q. And how about the neck?  Did you have any neck
21     pain prior to the accident?
22  A. No.
23  Q. So would your neck pain have been zero prior
24     to the accident?
25  A. Yes.

```
 1    Q.  Prior to the accident in 2016 were there any
 2        types of activities that you had difficulty
 3        doing -- again this is pre-accident.  Was
 4        there any type of activities, household work,
 5        leisure activities that you were unable to do
 6        or had difficulty doing because of your
 7        physical condition?
 8    A.  No.
 9    Q.  You had no limitations prior to the accident?
10    A.  None.
11    Q.  And can you please tell me the activities that
12        post-accident you're unable to do or are
13        limited in doing that you used to be able to
14        do pre-accident without limitation?
15    A.  I'm limited in nearly every aspect of life.
16    Q.  Please continue.
17    A.  I can no longer do the housework that I used
18        to do, the construction work that I used to
19        do.
20    Q.  What types of housework did you used to do?
21    A.  Everything around the house from polishing the
22        hardwood floors and laundry, everything,
23        dishes.
24    Q.  You're unable to do the dishes now?
25    A.  I can do the dishes but leaning over the sink
```

```
 1        increases the back pain so I typically don't
 2        do the dishes anymore.
 3     Q. Okay.  What other types of housework did you
 4        used to do prior to the accident?
 5     A. Mow the lawn, everything, laundry, vacuuming,
 6        you know, all of that stuff.
 7     Q. What about the snow removal?
 8     A. Snow removal.  Can you imagine I forgot about
 9        that in this weather?
10     Q. How did you remove the snow pre-accident,
11        snowblower or shovel?
12     A. I've always shoveled.
13     Q. Who does the snow removal now?
14     A. I hired a plow guy to come and take care of
15        it, the snow.
16     Q. You mentioned construction.  What type of
17        construction activities did you do preinjury?
18     A. I built 90 percent of our last home on 100th
19        Street.
20     Q. Any other examples of construction around the
21        home?
22     A. I built our cabin from the ground up.  I built
23        the shed at my last house.
24     Q. And are you able to do those activities any
25        longer?
```

1    A. No.

2    Q. What other types of activities are you limited

3       in doing that you used to have no limitations?

4    A. I stopped coaching my son and daughter in

5       baseball.

6    Q. And why do your injuries prohibit you from

7       coaching?

8    A. I can't swing a baseball bat. Bending over to

9       pick up balls or field balls increases the

10      pain.

11   Q. What sports do your kids play right now?

12   A. Hockey, baseball and I think that's it, hockey

13      and baseball right now.

14   Q. Is that both of them or different sports?

15   A. Both of them.

16   Q. Okay. What other types of things are you

17      unable to do? You've listed housework,

18      construction, coaching, any other examples?

19   A. I no longer golf.

20   Q. How often did you golf pre-accident?

21   A. A few times a year.

22   Q. When was the last time that you golfed?

23   A. The summer of 2015.

24   Q. Okay. Any other examples?

25   A. I don't go out as much.

```
 1    A. Anywhere from two to three miles at a time to
 2       five or six.
 3    Q. Did you ever run any races?
 4    A. 5K here and there.
 5    Q. What's the last 5K that you ran?
 6    A. The color run up here in Buffalo.
 7    Q. When was that?
 8    A. Maybe three years ago, four years ago.
 9    Q. 2014, '15, somewhere in that time frame?
10    A. Yes.
11    Q. Can you recall any other races that you may
12       have run?
13    A. Not that I can recall.
14    Q. Okay.  Any other examples of activities that
15       have become more difficult post-accident?  I
16       think you've mentioned housework,
17       construction, coaching, going out to concerts
18       and sporting events, the cabin, driving,
19       walking, running.  How about sleep?  I think
20       you mentioned that earlier, that when you lay
21       down you feel pain in your neck and your head?
22    A. Yes.
23    Q. Did you have any difficulty sleeping at all
24       prior to the accident?
25    A. No.
```

```
 1        medical supplies.
 2    Q.  That $60 refers to the stretching band and the
 3        ice pack that we've just discussed?
 4    A.  Yes.
 5    Q.  Okay.  The left shoulder, had you ever sought
 6        medical attention for any reason for treatment
 7        related to your left shoulder prior to the
 8        accident?
 9    A.  No.
10    Q.  How about for the neck, had you ever sought
11        medical treatment pre-accident for the neck?
12    A.  No.
13    Q.  And how about for the lower back?
14    A.  No.
15    Q.  And then your interrogatory answers, if we
16        could turn to interrogatory number six, it's
17        on page five.  The question was specify all
18        diseases, serious illnesses, inflictions or
19        injuries for which plaintiff, Thomas Rodriguez
20        had been diagnosed prior to the date of the
21        incident alleged in the complaint and answer
22        you provided was upon information and belief,
23        plaintiff had not suffered from any
24        pre-existing or subsequent injuries pertaining
25        to those parts of the body injured herein.  So
```

1       the answer you provided there is consistent

2       with what you just provided; would that be

3       correct?

4   A.  Yes.

5   Q.  Okay.  Have you ever been a boxer?

6   A.  I have, yes.

7   Q.  Okay.  What period of time were you a boxer?

8   A.  When I was a teenager.

9   Q.  For how long did you do this?

10  A.  Maybe a year or two.

11  Q.  Was this when you were in high school?

12  A.  Yes.

13  Q.  Okay.  Forgive me for not knowing the boxing

14      world too well, but were you an amateur boxer,

15      were you a professional?

16  A.  No.  Well, amateur, I guess, novice.  I was

17      not a professional boxer, no.

18  Q.  Did you train in a gym or with a certain

19      manager or trainer?

20  A.  I did, yes.

21  Q.  Who did you train with?

22  A.  Sylvain Smith.

23  Q.  Could you spell that?

24  A.  S-Y-L-V-A-I-N.

25  Q.  Okay.  And did he have a gym?

**EXHIBIT 3**

| LEGAL LAST NAME | LEGAL FIRST | MI | DATE OF SERVICE | TIME | AGE | CASE NUMBER |
|---|---|---|---|---|---|---|
| COURTNEY | THOMAS | | 03/31/95 | 11:42PM | 23 | 95111-5800D-021 |

| ADDRESS | CITY STATE | | ZIP CODE | PATIENT'S PHONE |
|---|---|---|---|---|
| 1855 ONTARIO AVE | NIAGARA FALLS | NY | 14305 | 2844294 |

| SOCIAL SECURITY NUMBER | SEX | RACE | MARITAL STATUS | DATE OF BIRTH | FORMER ADMIT DATE | TYPE |
|---|---|---|---|---|---|---|
| | | | SINGLE | | 03/04/95 NF/MMC EMER |  |

| BIRTH PLACE | PREVIOUS LAST NAME | EMPLOYER | CHURCH AFFILIATION |
|---|---|---|---|
| NIAG FALLS NY | RODRIGUEZ | SUPERMARKET LIQUORS | EPIPHANY EPISCO |

| FINANCIALLY RESPONSIBLE PERSON'S NAME | RESPONSIBLE PERSON'S ADDRESS | RESPONSIBLE PERSON'S CITY STATE |
|---|---|---|
| COURTNEY THOMAS | 1855 ONTARIO AVENUE | NIAGARA FALLS |

| RESP. PERSON'S PHONE | RELATIONSHIP TO PATIENT | RESPONSIBLE PERSON'S EMPLOYER | RESPONSIBLE PERSON'S EMPLOYER CITY | RESP. PERSON'S S.S. NO. |
|---|---|---|---|---|
| 2844294 | SELF | SUPERMARKET LIQUORS | NIAGARA FALLS | 120 56 9853 |

| PRIMARY INSURANCE | SECONDARY INSURANCE |
|---|---|
| SELF PAY | |

| IN CASE OF EMERGENCY NOTIFY | PHONE | ADDRESS | RELATIONSHIP |
|---|---|---|---|
| DORA RODRIGUEZ | 2844294 | 1855 ONTARIO AVENUE NF NY | PARENT |

| ATTENDING PHYSICIAN | EMS EMS MHC REFERRING PHYSICIAN | FAMILY PHYSICIAN | MD P/A REL COR M/D SW |
|---|---|---|---|
| Ulmer | | CLARKE, RONALD A | |

| PREV. TRT DATE | BROUGHT IN BY | INFO. GIVEN BY | MEDICAL PROFILE |
|---|---|---|---|
| 03/29/95 | WALKED IN | SELF | |

| COMPLAINT DATE/TIME | | | ALLERGY NOTATION: |
|---|---|---|---|
| PT STATES HAS PAIN LOWER BACK | | | |

## NIAGARA FALLS MEMORIAL MEDICAL CENTER EMERGENCY SERVICE RECORD PHYSICIANS NOTES

CONDITION ON ADMISSION
☒ GOOD ☐ FAIR ☐ POOR

| TIME | ORDERS | |
|---|---|---|
| | | S: 23 y.o. W♂ who while riding bicycle was struck by an automobile on the side. Landed on hood of car. ⊕head trauma. c/o back (lower) pain |
| | LS-spine | O: WN, WD W♂ in NAD |
| | Urine dipstix | HEENT → ⊖ lesions |
| | Tylenol, ibuprofen | neck → supple ⊖ tenderness |
| | ⊖ blood | back → tenderness over lumbar area ⊖ spasms, leg raises nl |
| | | ext → ⊖ lesions |
| | ⊖ fx | |
| | | Plan: ice x 24 hrs |
| | Motrin 800 x 80 (cancel) | Bedrest x 2 days |
| | | Advil 600-800 g qid prn pain |
| | | off work x 2 days |

CONDITION ON DISCHARGE
☐ ADMIT ☐ GOOD ☐ FAIR ☐ POOR ☐ EXPIRED

IMPRESSION: Lumbar strain

Admitting Doctor

Time ___ A.M. P.M. Floor ___ Room ___ Signed ___ MD

SIGNATURE ___ RELATIONSHIP ___ ADDRESS ___

GOVERNMENT EXHIBIT
8
4/20/18 AH

00001231

**EXHIBIT 4**

8/1/95   194      while riding Bike      @ meds
   102/        hit by car 7/24/95
    68      continues to c/o lower back pain
          when lifts something sharp
          pain neck.

in my neck
mov?  aire middle of rt_gh
my  LS
R c spine

    O     T    cxvQ
          L3/4
          Qsin Qom
            QJE

    on  LS
        cs

    T    kcone 4u es
        x j neck


GOVERNMENT
EXHIBIT
10
4/20/18

00001224

**EXHIBIT 5**

8/19/99 wt 210#     BP 120/80        meds ∅

CC: lower back pain

SUB - c/o lower back pain

HPI - Pt states that his lower back has been hurting him for past week to 2 weeks. The pain is described as a dull ache feeling and doesn't really limit his activities much. Denies use of Motrin, ice/heat, or lumbar belt. Denies any associated manifestations including numbness or tingling in lower extremities. He is mostly concerned because he might be taking on a new job which requires additional strenuous activities.

OBJ - 27 yo wm presents in no acute distress.
    Musculoskeletal - Spine inline s̄ obvious deformities. ⊖ tenderness on palpation, or c̄ straight leg raises. Flexability slightly decreased.
    Neuro - DTR intact in LE (2+) Bilaterally
    Derm - wart on index finger of (R) hand almost completely resolved.

Assessment - lumbar back pain, common wart.

Plan - use of Motrin 400 mg po q 6° PRN OTC and before work ↑ flexability and aid muscle tone, use of ice/heat PRN for 15 minutes on and off, and use of lumbar belt.

Teaching - indications, use and SE of Motrin. Effects ↑ flexability and muscle tone and lumbar belt for additional support.

           Smith RN FNP STUDENT
        Agree above J. Austin-Kerr RNCS FNP

12-17-99   see phone mes      GC



GOVERNMENT
EXHIBIT
1a
4/20/18

FORM 8290 COLWELL SYSTEMS, CHAMPAIGN, ILLINOIS

00001211

**EXHIBIT 6**

# CHIROPRACTIC REGISTRATION AND HISTORY

## 1 PATIENT INFORMATION

Date 3/16/10

Patient THOMAS RODRIGUEZ

Address 1709 100TH ST

City, State, zip NF NY 14304

Sex: ☑M ☐F  Age 38  Birth date ▩▩▩

☐Single ☑Married ☐Widowed ☐Separated ☐Divorced

Patient SS# ▩▩▩

Occupation POLICE OFFICER

Employer CITY OF NIAGARA FALLS

Employer Address 1925 MAIN ST

Employer Phone 286-4549

Spouse's Name TINA RODRIGUEZ

Birthdate 6-1-78  SS# ▩▩▩

Occupation TEACHER

Spouse's Employer LEW-PORT

Whom may we thank for referring you?

Height 6  Weight 230

## 2 INSURANCE

Who is responsible for this account?

Relationship to Patient

Insurance Co.

Group #

Is patient covered by additional insurance? ☐ Yes ☐ No

Subscriber's Name

Birth date _____ SS# _____

Relationship to Patient

Insurance Co.

Group #

### Assignment AND RELEASE

I, the undersigned certify that I (or my dependent) have insurance coverage with_____and assign directly to Dr._____all insurance benefits, if any, otherwise payable to me for services rendered. I understand that I am financially responsible for all charges whether or not paid by insurance. I hereby authorize the doctor to release all information necessary to secure the payment of benefits. I authorize the use of this signature on all insurance submissions.

Responsible Party Signature _____

Relationship _____ Date _____

## 3 PHONE NUMBERS

Home 572-1062  Work 609-2280 Ext_____

Best time and place to reach you Any

IN CASE OF EMERGENCY, CONTACT

Name TINA RODRIGUEZ Relationship WIFE

Home Phone 510 5953  Work Phone _____

## 4 ACCIDENT INFORMATION

Is condition due to an accident? ☐ Yes ☑No  Date_____

Type of accident ☐ Auto ☐ Work ☑ Home ☐ Other

To whom have you made a report of your accident?

☐ Auto Insurance ☐ Employer ☐ Worker Comp. ☐ Other

Attorney Name (if applicable) _____

GOVERNMENT EXHIBIT
19
4/20/18 (A)

## 5 PATIENT CONDITION

Reason for visit LOWER BACK PAIN

When did your symptoms appear? 3 DAYS AGO

Is this condition getting progressively worse? ☑Yes ☐ No ☐ Unknown

Mark an X on the picture where you continue to have pain, numbness, or tingling.

Rate the severity of your pain on a scale from 1 (least pain) to 10 (severe pain) 8

Type of pain ☑Sharp ☐ Dull ☐ Throbbing ☑Numbness ☐Aching ☐ Shooting
☐ Burning ☑Tingling ☐ Cramps ☐ Stiffness ☐ Swelling ☐ Other

How often do you have this pain? Constant

Is it constant or does it come and go? _____

Does it interfere with your ☑Work ☐Sleep ☑Daily Routine ☐Recreation

Activities or movements that are painful to perform ☑Sitting ☐ Standing ☐ Walking ☑Bending ☐ Lying Down

- over -

# 6 HEALTH HISTORY

Physician's Name _____

What treatment have you already received for your condition? ☐ Medications ☐ Surgery ☐ Physical Therapy
☐ Chiropractic Services ☒ None ☐ Other_____

Name and address of other doctor(s) who have treated you for your condition_____

Date of Last: Spinal X-Ray _____ Chest X-Ray __2006__ MRI, CT-Scan _____

Place a mark on "Yes" or "No" to indicate if you have had any of the following:

| | | | | | |
|---|---|---|---|---|---|
| AIDS/HIV | ☐ Yes ☒ No | Emphysema | ☐ Yes ☒ No | Miscarriage ☐ Yes ☒ No | Rheumatic |
| Alcoholism | ☐ Yes ☒ No | Epilepsy | ☐ Yes ☒ No | Mononucleosis ☐ Yes ☐ No | Fever ☐ Yes ☒ No |
| Allergy Shots | ☐ Yes ☒ No | Fractures | ☐ Yes ☒ No | Multiple | Scarlet Fever ☐ Yes ☒ No |
| Anemia | ☐ Yes ☒ No | Glaucoma | ☐ Yes ☒ No | Sclerosis ☐ Yes ☒ No | Stroke ☐ Yes ☒ No |
| Anorexia | ☐ Yes ☒ No | Goiter | ☐ Yes ☒ No | Mumps ☐ Yes ☒ No | Thyroid |
| Appendicitis | ☐ Yes ☒ No | Gonorrhea | ☐ Yes ☒ No | Osteoporosis ☐ Yes ☒ No | Problems ☐ Yes ☒ No |
| Arthritis | ☐ Yes ☒ No | Gout | ☐ Yes ☒ No | Pacemaker ☐ Yes ☒ No | Tonsillitis ☐ Yes ☒ No |
| Asthma | ☐ Yes ☒ No | Heart Disease | ☐ Yes ☒ No | Parkinson's | Tuberculosis ☐ Yes ☒ No |
| Bleeding | | Hepatitis | ☐ Yes ☒ No | Disease ☐ Yes ☒ No | Tumors, |
| Disorders | ☐ Yes ☒ No | Hernia | ☐ Yes ☒ No | Pinched Nerve ☐ Yes ☒ No | Growths ☐ Yes ☐ No |
| Breast Lump | ☐ Yes ☒ No | Herniated Disk | ☐ Yes ☒ No | Pneumonia ☐ Yes ☒ No | Ulcers ☐ Yes ☐ No |
| Bronchitis | ☐ Yes ☒ No | Herpes | ☐ Yes ☒ No | Polio ☐ Yes ☒ No | Venereal |
| Bulimia | ☐ Yes ☒ No | High | | Prostate | Disease ☐ Yes ☒ No |
| Cancer | ☐ Yes ☒ No | Cholesterol | ☐ Yes ☒ No | Problem ☐ Yes ☒ No | Whooping |
| Cataracts | ☐ Yes ☒ No | Hypertension | ☐ Yes ☒ No | Prosthesis ☐ Yes ☒ No | Cough ☐ Yes ☒ No |
| Chemical | | Kidney Disease | ☐ Yes ☒ No | Psychiatric | Other _____ |
| Dependency | ☐ Yes ☒ No | Liver Disease | ☐ Yes ☒ No | Care ☐ Yes ☒ No | |
| Chicken Pox | ☐ Yes ☒ No | Measles | ☐ Yes ☒ No | Rheumatoid | _____ |
| Diabetes | ☐ Yes ☒ No | Migraine | | Arthritis ☐ Yes ☒ No | _____ |
| | | Headache | ☐ Yes ☒ No | | |

## EXERCISE
☐ None
☒ Moderate
☐ Daily
☐ Heavy

## WORK HABITS
☐ Sitting
☐ Standing
☒ Light Labor
☐ Heavy Labor

## HABITS
☐ Smoking
☐ Alcohol
☐ Coffee/Caffeine Drinks
☐ High Stress Level

Packs/Day_____
Drinks/Week_____
Cups/Day_____
Reason_____

Are you pregnant? ☐ Yes ☒ No  Due Date _____

| Injuries/Surgeries you have had | Description | Date |
|---|---|---|
| Falls | | |
| Head Injuries | | |
| Broken Bones | Broken Right Hand | 1987 |
| Dislocations | | |
| Surgeries | | |
| Other | | |

# 7 MEDICATIONS | ALLERGIES | VITAMINS/HERBS/MINERALS

| MEDICATIONS | ALLERGIES | VITAMINS/HERBS/MINERALS |
|---|---|---|
| N/A | N/A | N/A |

Pharmacy Name_____
Pharmacy Phone_____

**EXHIBIT 7**

# ABOUT THE PATIENT

Advance Chiropractic
820 Main Street Niagara Falls, NY 14301

Name THOMAS RODRIGUEZ  Today's Date 8/5/13  Birthdate ___ Age 41
Address 1538 100TH ST  City N.F.  State NY Zip 14304
Home Phone ___  Cell Phone 572-1062  Work Phone 286-4595  Gender ⊠M ☐F
Significant Other's Name TINA RODRIGUEZ  Who referred you? WIFE
Your Employer City of NIAGARA FALLS  Type of Work Police officer
e-Mail Address ___  Have you been to a chiropractor before? ☐No ⊠Yes
Emergency Contact TINA RODRIGUEZ  ph # 510-5953
Name of Medical Doctor(s) RONALD CLARK

- I authorize the doctor or his staff to render care as deemed appropriate for me and / or my child.
- I authorize Advance Chiropractic to release and / or request records to or from other providers as may be necessary.
- I understand I am responsible for all bills incurred in this office.
- I authorize assignment of my insurance benefits (if applicable) directly to the provider.
- Person responsible for this account if other then the patient? TINA RODRIGUEZ
- I understand that after any initial promotional services all care is rendered at usual and customary fees.
- For my balance my preferred payment method is: ⊠Cash ☐Check ☐Credit Card ☐Car/Work Ins.

Patient Signature ___

# REASON FOR SEEKING CARE

PLEASE LIST YOUR COMPLAINTS (R)
1. LOWER BACK  How long has this been an issue? 3 WEEKS
Is it: ⊠Dull ☐Sharp ☐Ache ☐Numb / Tingle ☐Stabbing ☐Constant ☐Occasional ☐Staying the same ☐Getting worse
☐Mild ⊠Moderate ☐Severe ☐Worse in the morning ☐Worse in evening ☐Pain radiates to ___
2. ___  How long has this been an issue? ___
Is it: ☐Dull ☐Sharp ☐Ache ☐Numb / Tingle ☐Stabbing ☐Constant ☐Occasional ☐Staying the same ☐Getting worse
☐Mild ☐Moderate ☐Severe ☐Worse in the morning ☐Worse in evening ☐Pain radiates to ___
3. ___  How long has this been an issue? ___
Is it: ☐Dull ☐Sharp ☐Ache ☐Numb / Tingle ☐Stabbing ☐Constant ☐Occasional ☐Staying the same ☐Getting worse
☐Mild ☐Moderate ☐Severe ☐Worse in the morning ☐Worse in evening ☐Pain radiates to ___
4. ___  How long has this been an issue? ___
Is it: ☐Dull ☐Sharp ☐Ache ☐Numb / Tingle ☐Stabbing ☐Constant ☐Occasional ☐Staying the same ☐Getting worse
☐Mild ☐Moderate ☐Severe ☐Worse in the morning ☐Worse in evening ☐Pain radiates to ___

5. Does your condition effect: ☐Sleep ☐Work ⊠Daily Routine ☐Sitting ☐Driving

Please mark All areas of concern.

6. What makes it better? MOVEMENT
7. What makes it worse? ___
8. What Doctor's have you seen for this? None

9. Type of treatment: ___
10. Results: ___
NOTES: ___

Are you pregnant?
☐ Yes ☐ No

GOVERNMENT
EXHIBIT
20
4/20/18

# GENERAL HEALTH HISTORY

Advance Chiropractic
820 Main Street Niagara Falls, NY 14301

Patient Name __Thomas____ __Rodriguez____   Mark the conditions that apply to you.

| Past | Present | | Past | Present | |
|---|---|---|---|---|---|
| ☐ | ☐ | Headaches | ☐ | ☐ | Urinary Problems |
| ☐ | ☐ | Migraines | ☐ | ☐ | Easy Bruising |
| ☐ | ☐ | Shortness of Breath | ☐ | ☐ | Tobacco Use |
| ☐ | ☐ | Allergies / Asthma | ☐ | ☐ | Dental Problems |
| ☐ | ☐ | Medication Side Effects | ☐ | ☐ | Fibromyalgia |
| ☐ | ☐ | Diabetes | ☐ | ☐ | Blood Thinner use |
| ☐ | ☐ | Hands or Feet cold | ☐ | ☐ | HIV Positive |
| ☐ | ☐ | Muscle aches | ☐ | ☐ | Cancer |
| ☐ | ☐ | Trouble Walking | ☐ | ☐ | Depression |
| ☐ | ☐ | Leg / Foot Numbness | ☐ | ☐ | Alcohol Use |
| ☐ | ☐ | Fainting | ☐ | ☐ | ___High or ___Low Blood Pressure |
| ☐ | ☐ | Gall Bladder Trouble | ☐ | ☐ | Stroke History |
| ☐ | ☐ | Ringing in Ears | ☐ | ☐ | High Cholesterol |
| ☐ | ☐ | Ear Problems | ☐ | ☐ | TMJ |
| ☐ | ☐ | Sleeping Problems | ☐ | ☐ | Digestive Problems |
| ☐ | ☐ | Vision Problems | ☐ | ☐ | Pain all Over |
| ☐ | ☐ | Thyroid Problems | ☐ | ☐ | Tension / Irritability |
| ☐ | ☐ | Liver Disease | ☐ | ☐ | Chest Pains |
| ☐ | ☐ | Kidney Problems | ☐ | ☐ | Heart Pacemaker |
| ☐ | ☐ | Light Bothers Eyes | ☐ | ☐ | Heart Problems |
| ☐ | ☐ | Other____ | | | |

1. List any medications are you taking:____ None ____

2. Please list all doctors you are currently seeing: ____ None ____

3. Has any Doctor or other professional advised you to "Go to a Chiropractor": ☑ No ☐ Yes, Name____
4. Have you had any X-Rays/MRIs/CT Scans? __No__ Which Facility? ____

# PAST HISTORY

4. List any past auto collisions:____ None ____ Was any care received?____
5. List any past work injuries: ____ Right ____ Shoulder ____ Was any care received? __Surgery__
6. List any past sport, recreational, or home injuries____
7. Please describe any past conditions and treatment received: ____

8. Please list any past hospitalizations and surgeries: __Shoulder____ __Surgery____ __2011____ __Hand__
__Surgery____ __1987__

# FAMILY HISTORY

Father's side: ☐ Heart Disease ☐ Cancer ☐ Diabetes ☐ Heavy Medication use ☐ Arthritis ☐ Other____
Mother's side: ☐ Heart Disease ☑ Cancer ☑ Diabetes ☐ Heavy Medication use ☐ Arthritis ☐ Other____
Is there any other family history you want us to know?____ No ____

**EXHIBIT 8**

# ABOUT THE PATIENT

Advance Chiropractic
820 Main Street Niagara Falls, NY 14301

Name __THEMAS Roddieckz__ Today's Date __10/8/15__ Birthdate ▓▓▓ Age __43__
Address __1538 100th St__ City __N.F__ State ___ Zip __14304__
Home Phone __—__ Cell Phone __572-1062__ Work Phone __286-4734__ Gender ☑ M ☐ F
Significant Other's Name __Tina Roddieckz__ Who referred you? __Tina__
Your Employer __NF PD__ Type of Work __Police Officer__
e-Mail Address _____ Have you been to a chiropractor before? ☐ No ☐ Yes
Emergency Contact __540 Tina Roddieckz__ ph # __510.5953__
Name of Medical Doctor(s) __DR CLARK__

- I authorize the doctor or his staff to render care as deemed appropriate for me and / or my child.
- I authorize Advance Chiropractic to release and / or request records to or from other providers as may be necessary.
- I understand I am responsible for all bills incurred in this office.
- I authorize assignment of my insurance benefits (if applicable) directly to the provider.
- Person responsible for this account if other than the patient? _____
- I understand that after any initial promotional services all care is rendered at usual and customary fees.
- For my balance my preferred payment method is: ☐ Cash ☐ Check ☐ Credit Card ☐ Car/Work Ins.

X _____     X __10/08/15__
Patient Signature   (This represents a long term authorization for all occasions of service)   Date

# REASON FOR SEEKING CARE

PLEASE LIST YOUR COMPLAINTS
1. __Lower Back__ How long has this been an issue? __2 weeks__
Is it: ☑ Dull ☐ Sharp ☐ Ache ☐ Numb / Tingle ☐ Stabbing ☐ Constant ☐ Occasional ☐ Staying the same ☐ Getting worse
☐ Mild ☐ Moderate ☐ Severe ☐ Worse in the morning ☐ Worse in evening ☐ Pain radiates to_____

2. __Upper Back__ How long has this been an issue? __2 weeks + much__
Is it: ☑ Dull ☐ Sharp ☐ Ache ☐ Numb / Tingle ☐ Stabbing ☐ Constant ☐ Occasional ☐ Staying the same ☐ Getting worse
☐ Mild ☐ Moderate ☐ Severe ☐ Worse in the morning ☐ Worse in evening ☐ Pain radiates to_____

3. _____ How long has this been an issue? _____
Is it: ☐ Dull ☐ Sharp ☐ Ache ☐ Numb / Tingle ☐ Stabbing ☐ Constant ☐ Occasional ☐ Staying the same ☐ Getting worse
☐ Mild ☐ Moderate ☐ Severe ☐ Worse in the morning ☐ Worse in evening ☐ Pain radiates to_____

4. _____ How long has this been an issue? _____
Is it: ☐ Dull ☐ Sharp ☐ Ache ☐ Numb / Tingle ☐ Stabbing ☐ Constant ☐ Occasional ☐ Staying the same ☐ Getting worse
☐ Mild ☐ Moderate ☐ Severe ☐ Worse in the morning ☐ Worse in evening ☐ Pain radiates to_____

5. Does your condition affect: ☐ Sleep ☐ Work ☐ Daily Routine ☑ Sitting ☑ Driving

6. What makes it better? __Stretching__
7. What makes it worse? __Not Sure__
8. What Doctor's have you seen for this? __None__

9. Type of treatment: _____
10. Results: _____
NOTES: _____

Please mark All areas of concern.



Are you pregnant?
☐ Yes ☑ No

GOVERNMENT EXHIBIT
21
4/20/18

# GENERAL HEALTH HISTORY

Advance Chiropractic
820 Main Street Niagara Falls, NY 14301

Patient Name __Thomas Rodriguez__          *Mark the conditions that apply to you.*

| Past | Present | | Past | Present | |
|------|---------|--|------|---------|--|
| ☐ | ☐ | Headaches | ☐ | ☐ | Urinary Problems |
| ☐ | ☐ | Migraines | ☐ | ☐ | Easy Bruising |
| ☐ | ☐ | Shortness of Breath | ☑ | ☐ | Tobacco Use |
| ☐ | ☐ | Allergies / Asthma | ☐ | ☐ | Dental Problems |
| ☐ | ☐ | Medication Side Effects | ☐ | ☐ | Fibromyalgia |
| ☐ | ☐ | Diabetes | ☐ | ☐ | Blood Thinner use |
| ☐ | ☐ | Hands or Feet cold | ☐ | ☐ | HIV Positive |
| ☐ | ☐ | Muscle aches | ☐ | ☐ | Cancer |
| ☐ | ☐ | Trouble Walking | ☐ | ☐ | Depression |
| ☐ | ☐ | Leg / Foot Numbness | ☐ | ☐ | Alcohol Use |
| ☐ | ☐ | Fainting | ☐ | ☐ | ___High or ___Low Blood Pressure |
| ☐ | ☐ | Gall Bladder Trouble | ☐ | ☐ | Stroke History |
| ☐ | ☐ | Ringing in Ears | ☐ | ☐ | High Cholesterol |
| ☐ | ☐ | Ear Problems | ☐ | ☐ | TMJ |
| ☐ | ☐ | Sleeping Problems | ☐ | ☐ | Digestive Problems |
| ☐ | ☐ | Vision Problems | ☐ | ☐ | Pain all Over |
| ☐ | ☐ | Thyroid Problems | ☐ | ☐ | Tension / Irritability |
| ☐ | ☐ | Liver Disease | ☐ | ☐ | Chest Pains |
| ☐ | ☐ | Kidney Problems | ☐ | ☐ | Heart Pacemaker |
| ☐ | ☐ | Light Bothers Eyes | ☐ | ☐ | Heart Problems |
| ☐ | ☐ | Other_____ | | | |

1. List any medications are you taking: __N/A__

2. Please list all doctors you are currently seeing: __N/A__

3. Has any Doctor or other professional advised you to "Go to a Chiropractor": ☑ No ☐ Yes, Name_____
4. Have you had any X-Rays/MRIs/CT Scans? _____ Which Facility? _____

# PAST HISTORY

4. List any past auto collisions:_____ Was any care received?_____
5. List any past work injuries: __Rult Shoulder__ Was any care received? __Surgery__
6. List any past sport, recreational, or home injuries_____
7. Please describe any past conditions and treatment received: _____

8. Please list any past hospitalizations and surgeries: _____

# FAMILY HISTORY

Father's side: ☐ Heart Disease ☐ Cancer ☐ Diabetes ☐ Heavy Medication use ☐ Arthritis ☐ Other_____
Mother's side: ☑ Heart Disease ☑ Cancer ☑ Diabetes ☐ Heavy Medication use ☐ Arthritis ☐ Other_____
Is there any other family history you want us to know?_____ __No__

EXHIBIT 8A

















EXHIBIT 9

STATE OF NEW YORK
COUNTY COURT : COUNTY OF NIAGARA

THE PEOPLE OF THE STATE OF NEW YORK

vs.

**ORDER**

**SHATEEK L. PAYNE,**

Ind. No. 2013-394

Defendant,

The defendants, having moved the Court pursuant to CPL 710.20 to suppress all evidence seized by the Niagara Falls Police Department, and the Court having conducted a hearing and having issued an oral decision in open court on March 21, 2014,

Now, on motion of the defendants, it is hereby

ORDERED, that all evidence seized by the Niagara Falls Police department in the above-captioned proceeding is suppressed for the reasons set forth by the Court in its oral decision on March 21, 2014.

S/ Matthew Murphy
Hon. Matthew J. Murphy, J.C.C.

GRANTED: April 2, 2014

Court Clerk

**EXHIBIT 10**

NIAGARA COUNTY COURT
NIAGARA COUNTY COURTHOUSE
LOCKPORT, NY 14094-2758

ORDER TO SEAL
160.50 CPL

The People of the State of New York          Indictment #:  2013-394-2

    VS.                                    NYSID #:  07451141R

SHATEEK L. PAYNE                             Date: April 26, 2018
986 FILLMORE AVE.
BUFFALO, NY 14211                            Hon. MATTHEW J. MURPHY

Date of Birth:  05-02-1977                   Date of Arrest:  05-09-2013

Charges:  PL-221.25        -DF-
          VTL-1172.A-0A    -I -

( ) To the Commissioner of the Division of Criminal Justice Services
( ) To the Commissioner of the Department of Correction
(X) To the District Attorney of the County of Niagara
( ) To the Sheriff of the County of Niagara
(X) To the Police Superintendent of the City of  Niagara Falls
( ) To the Clerk of the  City   Court of  Niagara Falls

The above captioned criminal proceedings having on March 21, 2014
been terminated in favor of the above named defendant in accordance with
subdivision 2 of Section 160.50 of the Criminal Procedure Law, it is,

ORDERED

That the provisions of Section 160.50 of the Criminal Procedure Law
be complied with,  All transcripts are Sealed.

A true extract from the minutes.

Attorney of Record:

Court Clerk
Niagara County Court

ORDER TO SEAL-TRANSCRIPTS
**24120-1**
04/26/2018 12:37:00 PM
1 Pages

Joseph A. Jastrzemski, Niagara County Clerk        Clerk: LMH

**EXHIBIT 11**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

THOMAS RODRIGUEZ
TINA RODRIGUEZ,

                     Plaintiff,                17-CV-251

v.

UNITED STATES OF AMERICA

                     Defendant.

---

## DEFENDANT'S REQUESTS FOR ADMISSION TO PLAINTIFF

Pursuant to Fed.R.Civ.P. 36, defendant demands that plaintiff answer the following requests for admission within 30 days after service of this request.

## REQUESTS FOR ADMISSION

1. Plaintiff Thomas Rodriguez ("Rodriguez") testified on behalf of the People in a suppression hearing in the case of People v. Sylvester on or about March 21, 2014.

2. After the conclusion of the suppression hearing in People v. Sylvester, Judge Matthew Murphy issued an Order suppressing all evidence seized by the Niagara Falls Police Department.

3. After the conclusion of the suppression hearing in People v. Sylvester, Judge Matthew Murphy ruled that Rodriguez's testimony was patently tailored to avoid constitutional objections.

4. After the conclusion of the suppression hearing in People v. Sylvester, Judge Matthew Murphy ruled that Rodriguez "tailored his testimony to justify the subsequent search."

5.   After the conclusion of the suppression hearing in People v. Sylvester, Judge Matthew Murphy ruled that he did not find Rodriguez credible on certain key aspects of his testimony.

6.   After the conclusion of the suppression hearing in People v. Sylvester, Judge Matthew Murphy ruled that he did not believe that Rodriguez ever asked for consent to search the subject vehicle.

7.   After the conclusion of the suppression hearing in People v. Sylvester, Judge Matthew Murphy found that Rodriguez's testimony under oath at the suppression hearing was not truthful.

8.   In People v. Sylvester, the New York State Appellate Division, Fourth Department, on June 19, 2015, affirmed Judge Murphy's order suppressing the evidence seized by the Niagara Falls Police Department.

9.   In People v. Sylvester, the Fourth Department, on June 19, 2015, affirmed Judge Murphy's order because that order "was premised upon the testimony of a police witness that the court did not find truthful."

10.   In People v. Sylvester, the Fourth Department, on June 19, 2015, held that Judge Murphy's "credibility determination is supported by the record, and we see no basis to disturb it."

DATED: Buffalo, New York, May 16, 2018.

JAMES P. KENNEDY, JR.
United States Attorney


BY:    MICHAEL S. CERRONE
       Assistant U.S. Attorney
       U.S. Attorney's Office
       Western District of New York
       138 Delaware Avenue
       Buffalo, New York 14202
       716-843-5851
       Michael.Cerrone@usdoj.gov

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

THOMAS RODRIGUEZ
TINA RODRIGUEZ,

                    Plaintiff,                17-CV-251

v.

UNITED STATES OF AMERICA

                    Defendant.

---

## CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2018, I have mailed the foregoing **DEFENDANT'S**

**REQUESTS FOR ADMISSION**, by the United States Postal Service to:

    Gregory P. Krull, Esq.
    Lipsitz Green Scime Cambria LLP
    42 Delaware Avenue, Suite 120
    Buffalo, NY 14202

                              *Diane Carlsen*
                              Diane Carlsen

**EXHIBIT 12**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

THOMAS RODRIGUEZ
TINA RODRIGUEZ,

                    Plaintiff,                          17-CV-251

v.

UNITED STATES OF AMERICA

                    Defendant.

## DEFENDANT'S THIRD REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Fed.R.Civ.P. 34, defendant demands that plaintiff produce the following documents and/or things at the United States Attorney's Office, 138 Delaware Avenue, Buffalo, New York 14202 within 30 days after service of this request.

## DEFINITIONS AND INSTRUCTIONS

These document demands incorporate by reference the definitions and rules of construction set forth in Rule 26 of the Local Rules of Civil Procedure for the Western District of New York.

## DOCUMENT DEMANDS

1.      Copies of all documents, including transcripts and court orders, concerning any adverse credibility findings made with respect to any testimony provided by plaintiff Thomas Rodriguez in any matter in which he testified in the past including, but not limited to, the cases of People v. Sylvester, People v. Cox, and People v. Paonessa and Taormina.

2.      Copies of all documents received from the Niagara Falls Police Department regarding any adverse credibility findings made with respect to any testimony provided by

plaintiff Thomas Rodriguez in any matter in which he testified in the past including, but not limited to, the cases of <u>People v. Sylvester et al.</u>, <u>People v. Cox</u>, and <u>People v. Paonessa and Taormina</u>.

DATED: Buffalo, New York, May 16, 2018.

JAMES P. KENNEDY, JR.
United States Attorney

BY:   MICHAEL S. CERRONE
Assistant U.S. Attorney
U.S. Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
716-843-5851
Michael.Cerrone@usdoj.gov

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

THOMAS RODRIGUEZ
TINA RODRIGUEZ,

                    Plaintiff,                17-CV-251

v.

UNITED STATES OF AMERICA

                    Defendant.

## CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2018, I have mailed the foregoing **DEFENDANT'S**

**THIRD REQUEST FOR PRODUCTION OF DOCUMENTS**, by the United States

Postal Service to:

        Gregory P. Krull, Esq.
        Lipsitz Green Scime Cambria LLP
        42 Delaware Avenue, Suite 120
        Buffalo, NY 14202

                                    _Diane Carlsen_
                                      Diane Carlsen