UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

THOMAS RODRIGUEZ,
TINA RODRIGUEZ

        Plaintiffs,

v.

UNITED STATES OF AMERICA,

        Defendant.
_____

**DECISION AND ORDER**

**17-CV-00251-WMS-JJM**

    Before the court are plaintiffs' motion for a protective order [19][1] and defendant's cross motion to compel [22]. For the following reasons, the motions are granted in part and denied in part.

## BACKGROUND

    Plaintiffs seek to recover under the Federal Tort Claims Act of 1948 (28 U.S.C. §§1346(b), 2671 *et seq.*) for injuries allegedly sustained by plaintiff Thomas Rodriguez, a City of Niagara Falls police officer, when his police department vehicle was struck from behind by a United States Postal Service vehicle on February 25, 2016. Complaint [4]. Claiming that Mr. Rodriguez's credibility is suspect, the defendant has served plaintiffs with Requests for Admission pursuant to Fed. R. Civ. P. ("Rule") 36 ([20-1], pp. 2-3 of 7) and a Third Request for Production of Documents pursuant to Rule 34 (id., pp. 5-6 of 7).

    The Requests for Admission relate to credibility findings by Niagara County Court Judge Matthew J. Murphy on March 21, 2014, granting a suppression motion in a criminal case entitled <u>People v. Sylvester and Payne</u>. [213-1], p. 65 of 76. Although the transcripts from

---

[1]   Bracketed references are to the CM/ECF docket entries. Unless otherwise indicated, page references are to numbers reflected on the documents themselves rather than to the CM/ECF pagination.

that case have been sealed (id., p. 67 of 76), the Appellate Division, Fourth Department quoted Judge Murphy in affirming his suppression decision:

> "The People . . . contend that County Court erred in granting those parts of defendants' motions seeking to suppress physical evidence because the evidence at the suppression hearing established the requisite reasonable suspicion authorizing the request for consent to search the vehicle (citation omitted). We reject that contention inasmuch as it is premised upon the testimony of a police witness that the court did not find truthful . . . . Here, the ruling that the request for consent to search the vehicle was unlawful was based primarily upon the court's assessment of the credibility of the People's principal witness. The court refused to credit the testimony of the officer who initiated the traffic stop, concluding that he 'tailored his testimony to justify the subsequent search.' In our view, that credibility determination is supported by the record, and we see no basis to disturb it."

People v. Sylvester, 129 A.D.3d 1666, 1667 (4th Dept. 2015).

The Requests for Admission ask plaintiff Thomas Rodriguez to admit that he was the witness whose testimony Judge Murphy did not find to be credible. Additionally, the Third Request for Production of Documents seeks all documents relating to "any adverse credibility findings made with respect to any testimony provided by plaintiff Thomas Rodriguez in any manner in which he testified in the past". [20-1], pp. 5-6 of 7.

## DISCUSSION

"Information showing that a person having knowledge of discoverable facts may not be worthy of belief is always relevant to the subject matter of the action . . . . Therefore, discovery is commonly allowed in which the discovering party seeks information with which to impeach witnesses for the opposition." Davidson Pipe Co. v. Laventhol & Horwath, 120 F.R.D. 455, 461 (S.D.N.Y. 1988); 6 Moore's Federal Practice, §26.45[2][a], [b] at 26-170, 26-172 (Matthew Bender 3d ed.) ("types of impeachment information that are discoverable include

evidence of conduct or character of a witness that suggest he or she might be less than truthful when giving testimony").

While admitting that "[d]iscovery is commonly allowed in which the discovering party seeks information with which to impeach witnesses for the opposition" (plaintiffs' Memorandum of Law [19-1], p. 4), plaintiffs argue that "there is very little relationship between the evidence of untruthfulness sought and the substantive issues in the litigation . . . . The substantive issues in this rear-end motor vehicle negligence action under [New York's No-Fault Law] are determined by objective medical professionals and evidence, and possibly the testimony of the postal truck driver who rear-ended Mr. Rodriguez to provide a non-negligent explanation of the collision, neither of which have anything to do with nor rely upon the credibility and or untruthfulness of Mr. Rodriguez". Id., pp. 7-8. I disagree. While the testimony of medical professionals may be helpful and/or necessary in determining whether Mr. Rodriguez meets the "serious injury" threshold of New York's No-Fault Law, it is conceivable - in fact likely - that he will also testify concerning the extent of his injuries (including pain and suffering), in which case his credibility will be directly at issue.

Plaintiffs also argue that reference to Mr. Rodriguez's testimony in People v. Sylvester "should be excluded under Rule 403 of the Federal Rules of Evidence, because its probative value would be far outweighed by its prejudicial impact". Id., p. 10. However, that is an issue for the trial judge, not for resolution on this motion. *See* United States v. Cheely, 814 F. Supp. 1430, 1446 (D. Alaska 1992), aff'd, 21 F.3d 914 (9th Cir. 1994), opinion amended and superseded, 36 F.3d 1439 (9th Cir. 1994), and aff'd, 36 F.3d 1439 (9th Cir. 1994) ("[t]he trial judge will have to balance probative value against possible prejudice in the context of the trial and the issues as they develop. A pre-trial ruling on this issue would be premature").

"A court may, in its discretion, permit cross-examination of a witness 'concerning the witness' character for truthfulness or untruthfulness'." United States v. Laster, 2007 WL 2872678, *2 (S.D.N.Y. 2007) (*quoting* Fed. R. Evid. 608(b)). However, plaintiffs argue that "[c]ourts in the Second Circuit have precluded cross-examination of government witnesses where there is no adverse credibility finding". Plaintiffs' Reply [27], p. 6. *See* Laster, id. ("there is no indication that the CCRB made any finding whatsoever regarding McNamee's credibility. Thus, there is no basis under Rule 608(b) for the defense to cross-examine McNamee regarding . . . the findings of the CCRB").

Here, by contrast, Judge Murphy *did* make an adverse credibility determination concerning a government witness, and his determination was affirmed on appeal. While plaintiffs argue that they are "unable to admit or deny the truthfulness of Judge Matthew Murphy III and the Fourth Department beliefs" (plaintiffs' Memorandum of Law [19-1], pp. 9-10), they are not asked to admit or deny the truthfulness of those beliefs - instead, the Requests for Admission seek only to confirm that Mr. Rodriguez was the witness to whom the court was referring.

Although the record of Judge Murphy's suppression ruling is sealed, the Fourth Department stated that he "refused to credit the testimony of the officer who initiated the traffic stop, concluding that he 'tailored his testimony to justify the subsequent search.'" Sylvester, 129 A.D.3d at 1667. Since Mr. Rodriguez must know whether he is "the officer who initiated the traffic stop", he can readily admit or deny the Requests for Admission. *See* Rule 36(a)(4): "[i]f a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it . . . . The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made

reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny".

Plaintiffs argue that defendant's Third Request for Production of Documents "is overly broad because [it] does not define 'adverse credibility findings'". Plaintiffs' Memorandum of Law [19-1], p. 12. I agree, since the credibility of a witness can be affected by factors not involving intentional falsification, such as "1) the opportunity and ability of the witness to see or hear or know the things about which the witness testified; 2) the quality of the witness's knowledge, understanding, and memory; 3) the witness's appearance, behavior, and manner while testifying; 4) whether the witness has an interest in the outcome of the case or any motive, bias, or prejudice; and 5) whether the witness's testimony was consistent or inconsistent with other evidence". United States v. Terry, 2010 WL 4639068, *2 (W.D. Pa. 2010), aff'd, 518 Fed. App'x 125 (3d Cir. 2013). Therefore, the request should be limited to any findings that Mr. Rodriguez intentionally testified falsely.

Plaintiffs also argue that the Third Request is overbroad because it "seeks documents unlimited in time". Plaintiffs' Memorandum of Law [19-1], p. 12. Again, I agree. "The lapse of time between the prior act and the trial testimony should also be taken into account. Thus, a thirty-year old misstatement about age in an application for working papers may be viewed differently from a continuing series of false statements in the witness' tax returns for the past five years." Davidson Pipe, 120 F.R.D. at 463. Therefore, the request should be limited to findings of intentionally false testimony by Mr. Rodriguez in the last five years.

Finally, plaintiffs argue that the Third Request "seeks documents . . . that even if they do exist . . . are not in the possession, custody, or control of Plaintiff[s] and/or are in the possession of Defendant". However, "even where a party . . . lacks actual physical possession or

custody of requested documents for purposes of Rule 34(a), such party may nevertheless be found to have *control* of the documents within Rule 34(a)'s scope of production if the party is legally entitled to the documents *or has the practical ability* to acquire the documents from a third-party . . . . Whether a party has a sufficient degree of control over requested documents to constitute a practical ability to obtain the documents is a question of fact . . . as to which the requesting party has the burden." Gross v. Lunduski, 304 F.R.D. 136, 142 (W.D.N.Y. 2014) (emphasis in original).

With those parameters in mind, the parties should be able to agree as to which documents (if any) must be produced. If they are unable to reach agreement, they may apply to the court for further relief.

## CONCLUSION

For these reasons, plaintiffs' motion for a protective order [19] and defendant's motion to compel [22] are granted in part and denied in part, consistent with this Decision and Order.

**SO ORDERED**.

Dated: August 23, 2018

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge